UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | |
| ) | No. C 06-6037 SC |
| MERVIN MARK SARCHET and JUNE LEE, ) | |
| ) | |
| Debtors ) | ORDER DENYING LEAVE |
| ) | TO APPEAL |

Movant Wensen Tang Sarchet ("Movant") seeks Leave to Appeal the Bankruptcy Court's Order Denying Motion for Clarification of Order Re: Debtor's Motion to Compel ("Order re Clarification").[1] Motion at 5. On January 12, 2007, the Court ordered the Movant and Debtor Mervin Mark Sarchet ("Debtor") to brief the issue of the Court's jurisdiction to hear this appeal. See Docket No. 7. The parties have both complied. See Docket Nos. 8, 9. For the following reasons, the Court hereby DENIES the Motion for Leave to Appeal.

---

[1] The bankruptcy case from which the instant motion arises is Bk. Ct. No. 02-46485 ("Bankruptcy Proceeding"). The Court hereby takes judicial notice of all of the filings and orders in that case. When the parties have not filed documents from the Bankruptcy Proceeding as exhibits in the instant action, the Court will cite directly to the docket of Bk. Ct. No. 02-46485 in the following format: "Bk. Ct. No. 02-46485 Docket No. ##." Citations to the docket in the related adversary proceeding will be cited in the following format: "Adv. Proc. 03-4100. Docket No. ##."

## I. BACKGROUND

Movant's Motion for Leave arises out of a situation created by parallel proceedings. Simultaneous with the Bankruptcy Proceeding was a divorce proceeding involving Movant and Debtor in the California Superior Court of Alameda ("Family Court"). See Request for Judicial Notice ("RJN"), Ex F. The proceedings overlapped chiefly as they related to the former family home of Movant and Debtor ("Family Home"). Without getting into unnecessary detail, the overlap and the instant motion relate to a dispute which arose between Movant and Debtor as to whether actions by the Movant delayed the sale of the Family Home and caused it to be sold by the bankruptcy trustee for approximately $900,000 less than it would have otherwise fetched ("$900,000 Difference").

The dispute was played out in the first instance before the Bankruptcy Court. On December 2, 2002, Debtor, with his current spouse June Lee, filed for Chapter 7 bankruptcy protection. See Bk. Ct. No. 02-46485 Docket No. 1. On March 10, 2003 the Bankruptcy Court issued a discharge order. See Bk. Ct. No. 02-46485 Docket No. 35. On May 12, 2003, Movant initiated an adversary proceeding against Debtor in the Bankruptcy Court, Sarchet v. Sarchet, Adv. Proc. 03-4100 (N.D. Cal. Bankr.), seeking to have certain claims against Debtor totaling $1,984,376.21 excepted from Debtor's discharge. See RJN, Ex. C.

On January 12, 2005 the Bankruptcy Court issued an order giving the trustee the authority to sell the Family Home for $1.8 million and distribute to Movant $745,000, representing Movant's

2

"entire interest" in the Family Home. Id., Ex. C. On March 15, 2005, following her receipt of these funds and the resolution of various other reimbursement issues by the Family Court, Movant amended her claim to the amount of $1,007,606.11. See id., Ex. E.

On July 1, 2005, after holding a trial on Movant's amended claims in which Debtor asserted the $900,000 Difference as an affirmative defense, the Bankruptcy Court issued its decision ("July 1, 2005 Decision"). See id. at 20. The decision found that Movant could only maintain claims for a total of approximately $200,000 plus various amounts of interest. See id. at 19. More relevant for our purposes the court also stated the following regarding debtor's affirmative defense:

> Based on the evidence presented, the Court was persuaded that, but for Wensen's [Movant] improper conduct, motivated by anger at Mark [Debtor], the Residence would have sold for $2.7 million, approximately $900,000 more than the ultimate sale price. Mark contended that, if this had not occurred, he would not have been required to file for bankruptcy. This argument has merit.

Id. at 20. However, the court continued:

> The procedural problem presented is that the claim belongs at present to the bankruptcy estate. The trustee has the right to assert this claim as an offset to any claim Wensen might assert against the bankruptcy estate. If Wensen has not filed a proof of claim or <u>to the extent the offset is not exhausted with respect to that claim, it may be abandoned to Mark after notice and hearing</u>.

Id. (emphasis added). Thus, the court chose to delay final judgment in the adversary proceeding until the trustee "fully administered the estate." Id.

On July 21, 2005, the trustee filed an objection to Movant's remaining claims, which totaled $397,000, on the grounds that

3

these claims were fully offset by the $900,000 Difference.  <u>See</u> <u>See</u> Bk. Ct. No. 02-46485 Docket No. 152.  The Bankruptcy Court issued an order sustaining the objection on September 21, 2005. <u>See</u> Bk. Ct. No. 02-46485 Docket No. 157.  In response, Debtor filed a motion to compel the trustee to abandon the $503,000 remainder of the $900,000 Difference.  <u>See</u> Bk. Ct. No. 02-46485 Docket No. 161.

On December 9, 2005, after holding a hearing on the matter and receiving submissions by the Movant, the Bankruptcy Court issued the following corrected order ("Abandonment Order"), which adopts the proposed corrected order submitted by Movant on December 8, 2005:

. . .

Ordered:

1. The Trustee, Lois I. Brady, shall abandon any remaining claims of this bankruptcy estate against Wensen Sarchet to the Debtor, Mervin Mark Sarchet.

2. The Alameda County Superior Court is free to determine whether the Trustee has released or exhausted all of its claims against Wensen Sarchet, and thus whether any claims of value are, in fact, abandoned to the Debtor by the Trustee.

. . .

Bk. Ct. No. 02-46485 Docket No. 180; <u>see</u> Bk. Ct. No. 02-46485 Docket No. 178, Ex C (proposed order)

On April 25, 2006, the Family Court awarded Debtor $536,452.28 in satisfaction of his breach of fiduciary duty claim against Movant.  <u>See</u> RJN, Ex. F at 13.  In doing so, the Family Court explicitly based its decision on the Bankruptcy Court's July 1, 2005 Decision and Abandonment Order:

4

> This award for damages of 100% is based upon and consistent with the findings made by [the Bankruptcy Court] that the conduct of [Movant] in delaying the sale of the [Family Home] was malicious, i.e. intended to cause injury to [Debtor], and was oppressive in that it was intended to force [debtor] into bankruptcy.

Id.; see also id. 10-13 (discussing the bankruptcy proceeding).

On July 6, 2006, Movant filed the Motion for Clarification, seeking to have the Bankruptcy Court modify its Abandonment Order. See Bk. Ct. No. 02-46485 Docket No. 199.

On August 25, 2006, Movant filed an appeal of the Bankruptcy Court's decision in the adversary proceeding. See Adv. Proc. 03-4100 Docket No. 61.

On September 1, 2006, the Bankruptcy Court denied the Motion for Clarification; in its minutes order, the court states "the moving party's remedy is to appeal." Bk. Ct. No. 02-46485 Docket No. 208. The Court has not been presented with any record of the Bankruptcy Court's reasoning behind this decision. However, both parties state that the decision was based on the Bankruptcy Court's finding that Movant's Motion for Clarification sought review of the Family Court's April 25, 2006 decision, which was barred by the Rooker-Feldman doctrine (discussed below). See Motion at 5, Opposition at 6.

On September 28, 2006, Movant filed the instant Motion. See Docket No. 1. On November 15, 2006, the Bankruptcy Court issued its final decree in Debtor's Chapter 7 proceeding, ordering that the case be closed. See Bk. Ct. No. 02-46485 Docket No. 224. According to Debtor, Movant has appealed the Family Court to the California State Appellate Court. See Opposition at 6.

5

**II. LEGAL STANDARD**

The Order re Clarification is a general interlocutory order. See In re Travelers, 202 B.R. 624, 625 (9th Cir. BAP 1996). As such, Movant has no direct right of appeal, but rather must request leave to do so. See 28 U.S.C. § 158(a)(3); compare 28 U.S.C. §§ 158(a)(1)(giving a direct right of appeal from "final judgments, order, and decrees"), 158(a)(2)(giving a direct right of appeal from interlocutory orders and decrees issued under 11 U.S.C. § 1121(d)).

Neither the Bankruptcy Code nor Rules give any guidance as to when a district court should grant such leave. Thus, the Court is guided by 28 U.S.C. § 1292(b), which establishes when a district court may grant a party leave to appeal an interlocutory order of the court to the court of appeals. See In re Bertain, 215 B.R. 438, 441 (9th Cir. BAP 1997). The conditions for granting such leave are that the interlocutory order: 1) "involves a controlling question of law" 2) "as to which there is substantial ground for difference of opinion" 3) "and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

**III. DISCUSSION**

The crux of Movant's claim of error by the Bankruptcy Court is that the Family Court "misinterpreted" the Bankruptcy Court's Abandonment Order, and by refusing to clarify the Abandonment Order the Bankruptcy Court failed to prevent "a miscarriage of justice." Motion at 5. The Court refuses to grant Movant leave

6

to appeal on these grounds.

### A. The Order re Clarification Does Not Involve a Controlling Question of Law

An order involves a controlling question of law if "either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation." In re Ames Department Stores, Inc., No. 01-42217, 2002 WL 511556, *2 (April 3, 2002 S.D.N.Y.). The Bankruptcy Court has issued its final decree in the Bankruptcy Proceeding and ordered the case closed. See Bk. Ct. No. 02-46485 Docket No. 224. Thus, the action is already terminated and no decision by the Court regarding the Order re Clarification at this time can affect its outcome. Even if the case had not yet been closed, reversing the Order re Clarification would not have terminated the action or materially affected the outcome of the litigation, viz. Debtor's Chapter 7 discharge.

### B. There is No Substantial Ground for Difference of Opinion re the Reasoning Underlying the Order re Clarification

It is undisputable that "the Rooker-Feldman doctrine[] precludes federal adjudication of a claim that amounts to nothing more than an impermissible collateral attack on prior state court decisions." Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit, 453 F.3d 1160, 1165 (9th Cir. 2006) (internal quotation omitted). Thus, even accepting that the Order re Clarification involves a controlling issue of law, it is not one on which substantial grounds for differences of opinion exist. Movant brought the motion for clarification in order to cure the

7

"miscarriage of justice" allegedly caused when the Family Court "misinterpreted" the Abandonment Order. Motion at 5. There are no grounds, let alone substantial grounds, for differences of opinion regarding the Bankruptcy Court's decision that under the Rooker-Feldman Doctrine Movant's remedy is to seek appeal of the Family Court decision in the California Appellate Court rather than attack it collaterally in the Bankruptcy Court.

    C.    <u>Granting Movant Leave to Appeal the Order re Clarification Would Not Materially Advance Ultimate Termination of the Litigation</u>

As discussed above, the litigation to which the Motion relates has already been terminated. See supra. Granting the Motion would thus have no effect on the litigation's ultimate termination.

**IV. CONCLUSION**

For the foregoing reasons, Movant's Motion for Leave to Appeal is DENIED.

IT IS SO ORDERED.

Dated: March 14, 2007

_____
UNITED STATES DISTRICT JUDGE